﻿Citation Nr: AXXXXXXXX
Decision Date: 05/02/19 Archive Date: 05/02/19

DOCKET NO. 181220-2184
DATE: May 2, 2019

ORDER

Service connection for amputation, right lower leg, to include as secondary to service-connected right ankle cellulitis is denied.

FINDING OF FACT

The most probative evidence of record shows that the Veteran’s right lower leg amputation, was not caused by his military service, did not have its onset during military service, and was neither caused nor aggravated by the Veteran’s service-connected right ankle cellulitis. 

CONCLUSION OF LAW

The criteria for service connection for right lower leg amputation, to include as secondary to service-connected right ankle cellulitis have not been met. 38 U.S.C.A §§ 1110, 1131, 5103, 5107; 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.310.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the United States Marine Corps from June 1974 to November 1991. His decorations and awards include, in part, the Combat Action Ribbon. 

On February 6, 2018, VA received the Veteran’s Rapid Appeals Modernization Program (RAMP) election form wherein he selected the Higher-Level Review lane and opted into the Appeals Modernization Act (AMA) review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)). The Board notes that an AMA rating decision on appeal was issued in October 2018. The October 2018 AMA rating decision considered the evidence of record as of the date VA received the Veteran’s RAMP election form in February 2018. The Veteran timely appealed the October 2018 rating decision to the Board, and requested the Direct-Review of the evidence considered by the Agency of Original Jurisdiction (AOJ). Here, because the Veteran opted into the AMA system via RAMP and initially elected the Higher-Level Review lane, the end of the appeal period is February 6, 2018--the date VA received his RAMP election form.

The Veteran seeks service connection for amputation of the right lower extremity, to include as secondary to the service-connected right ankle cellulitis. 

Service connection is warranted where the evidence of record establishes that a particular injury or disease resulting in disability was incurred in the line of duty in the active military service or, if pre-existing such service, was aggravated thereby. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303. 

Other specifically enumerated disorders will be presumed to have been incurred in service if they manifested to a compensable degree within the first year following separation from active duty. 38 U.S.C. §§ 1101, 1112, 1113 (2012); 38 C.F.R. §§ 3.307, 3.309 (2018). If a condition noted during service is not shown to be chronic, then generally a showing of continuity of symptomatology after service is required for service connection if the disability is one that is listed in 38 C.F.R. § 3.309 (a); see also Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). As amputation of an extremity, upper and/or lower, is not an enumerated disorder listed in 3.309(a), the theories of service connection based on a presumptive disorder and continuity of symptomatology are not for application in the instant appeal. 38 C.F.R. § 3.309 (a); Id. In addition, service connection may also be granted on the basis of a post-service initial diagnosis of a disease, where the physician relates the current condition to the period of service. 38 C.F.R. § 3.303 (d). 

In order to establish service connection for the claimed disability, there must be (1) medical evidence of a current disability; (2) medical, or in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between the claimed in-service disease or injury and the current disability. See Hickson v. West, 12 Vet. App. 247, 25 (1999). 

Service connection may also be granted where disability is caused or aggravated by a service-connected disability. 38 C.F.R. § 3.310; Allen v. Brown, 7 Vet. App. 439 (1995) (en banc). 

The Veteran underwent amputation of his right lower extremity in September 2017. He is also service connected for right ankle cellulitis. Thus, the crux of the Veteran’s claim hinges on whether his currently diagnosed right lower extremity amputation has been caused or aggravated by his service-connected cellulitis of the right ankle or is otherwise etiologically related to his period of military service. The Board will discuss the secondary and direct service connection theories separately in the analysis below. 

There is one VA opinion that is against the secondary service connection component of the claim. 

In March 2018, a VA examiner opined, after a physical evaluation of the Veteran, “[t]he claimed right lower leg amputation condition was less likely than not the result of the veteran’s right ankle cellulitis condition. The veteran is service connected for cellulitis of the right ankle in 1991. That was a self-limiting infection that resolved over time. There is no medial [sic] or scientific evidence to support the claim that his cellulitis from 27 year ago was responsible for his right ankle infection and subsequent amputation today. They are separate and distinct infections. It is very unlikely that any cellulitis condition form 1991 would cause an infection in 2017. Unfortunately, without any further evidence the claim cannot be supported at this time.” (See March 2018 VA opinion). The VA examiner’s opinion is supported by the evidence of record, namely November 1991 and December 1991 service separation and post-service treatment and examination reports reflecting that the Veteran’s right ankle cellulitis had resolved. This opinion is against the secondary service connection theory of the claim and is uncontroverted. Thus, the Board finds that the preponderance of the evidence of record is against the claim for service connection for right lower extremity amputation as secondary to the service-connected right ankle cellulitis. 

The Board turns to direct service connection but finds the claim lacking in this respect as well. As noted above, a March 2018 VA examination report reflects that the Veteran underwent a right below the knee amputation in September 2017, decades after he was discharged from service in November 1991. There is no opinion, private or VA, that even suggests that the Veteran’s right lower extremity amputation either began during or was otherwise caused by his military service, and he does not contend otherwise. Thus, the Board finds that the preponderance of the evidence of record is against the claim for service connection for amputation of the right lower extremity on a direct incurrence basis. 

Because there was no such suggestion, there is no duty to assist error in the decision not to obtain a medical opinion regarding direct service connection.

Consideration to the Veteran’s personal assertion that there is a relationship between his right lower extremity amputation and his right ankle cellulitis. However, while lay persons are competent to provide opinions on some medical issues, see Kahana v. Shinseki, 24 Vet. App. 428, 435 (2011), as to the specific issue in this case, orthopedic disability, falls outside the realm of common knowledge of a lay person. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 n.4 (Fed. Cir. 2007) (lay persons not competent to diagnose cancer). That is, although the Board readily acknowledges that Veteran is competent to report symptoms such as swelling and pain in an extremity, there is no indication that he is competent (meaning medically qualified) to link his amputation of the right lower extremity to the service-connected right ankle cellulitis. The Veteran has not been shown to possess the requisite medical training, expertise, or credentials needed to render a diagnosis or a competent opinion as to medical causation. Nothing in the record demonstrates that the Veteran received any special training or acquired any medical expertise in evaluating orthopedic disorders. See King v. Shinseki, 700 F.3d 1339, 1345 (Fed.Cir.2012). Accordingly, this lay evidence does not constitute competent medical evidence and lacks probative value. 

The Board accords great probative weight to the March 2018 VA physician’s opinion because it was based on an accurate factual premise, and offered clear conclusions with supporting data, and reasoned medical explanations. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008). This opinion is against the claim and is uncontroverted. The preponderance of the evidence is against the claim.

In adjudicating the appeal, the Board recognizes the Veteran’s meritorious service, as evidence by his receipt of the Combat Action Ribbon. Thus, he is invited to reopen his claim for service connection for a right lower extremity amputation with evidence indicating a relationship between his amputation and either his military service or his service-connected right ankle cellulitis. 

 

MATTHEW W. BLACKWELDER

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD Carole Kammel, Counsel